## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**FISHER CONSTRUCTION, INC.**                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.** 3:21-cv-114-CWR-FKB

**VEOLIA WATER NORTH AMERICA–**
**SOUTH, LLC**                                                    **DEFENDANT**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Veolia Water North America–South, LLC ("Veolia") files this Notice of Removal of this action in its entirety from the Circuit Court of the First Judicial District of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division. As set forth below, this case is subject to removal because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum of $75,000.

Veolia respectfully reserves the right to assert all defenses available to it, including all defenses under Fed. R. Civ. P. 12(b).

**I. BACKGROUND**

    **A. Summary of Allegations**

1. Veolia serves as a contractor for the City of Jackson, and it entered into an agreement with Fisher Construction, Inc. ("Fisher") for hauling and land application services.

2. Fisher requested a hearing before the City of Jackson Equal Business Opportunity Review Committee (the "EBORC"), alleging that Veolia did not comply with the Equal Business Opportunity Plan in its contract with the City.

3. The EBORC evaluated Fisher's claims and refused to take action against Veolia, finding that it substantially complied with the EBO plan.

4. Aggrieved, Fisher filed the instant action.

## II. DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b). Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(1). As discussed below, both of the requirements for diversity jurisdiction have been met in this case.

### A. The Amount of Plaintiff's Claims Exceeds $75,000

6. While the Complaint does not include an explicit calculation of Plaintiff's damages, Plaintiff's allegations nevertheless provide a good faith basis on which to conclude that the amount in controversy in this action exceeds the jurisdictional minimum under 28 U.S.C. § 1332(a)(1).

7. Indeed, the Complaint alleges breach of a contract that had "a total contract price of $1,347,942.00." Complaint ¶¶ 10-12.

8. Based on the allegations in the Complaint, Veolia reasonably believes that Plaintiff intends to seek recovery in this action of actual damages in excess of $75,000.

9. The Complaint also seeks an unspecified amount of punitive damages. Complaint ¶¶ 43-44.

10. By requesting punitive damages, Plaintiff has put in controversy an amount that exceeds the jurisdictional minimum. *See Beene v. Dihn*, No. CIV. 108-cv-1331-HSO-JMR, 2009 WL 605113, at *2 (S.D. Miss. Mar. 6, 2009) (noting that "federal courts sitting in Mississippi have routinely held that unspecified claims for punitive damage sufficiently serve to bring the

amount in controversy over the requisite jurisdiction threshold set out in 28 U.S.C. § 1332.") (citing *Conner v. First Family Fin. Servs., Inc.*, No. 4:0l-cv-242, 2002 WL 31056778, at *8 (N.D. Miss. August 28, 2002)).

      B.  Complete Diversity of Citizenship Exists Among the Parties

11.    Removal pursuant to 28 U.S.C. § 1441 is authorized if there is complete diversity between the plaintiff and "parties in interest properly joined and served as defendants . . . ." *Id.* § 1441(b)(2). For the purposes of determining diversity for removal, "the citizenship of defendants sued under fictitious names shall be disregarded." *Id.* § 1441(b)(1).

12.    For the purposes of determining jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

13.    Fisher is a Mississippi corporation with its principal place of business in Mississippi.

14.    The citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

15.    The sole member of Veolia Water North America–South, LLC is Veolia Water North America Operating Services, LLC, which is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. The sole member of Veolia Water North America Operating Services, LLC is Veolia Water Americas, LLC, which is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. The sole member of Veolia Water Americas, LLC is WASCO LLC, which is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. The sole member of WASCO LLC is Veolia North America, Inc., which is a Delaware corporation with a principal place of business in Delaware.

### III.   PROCEDURAL ALLEGATIONS

16.   The Southern District of Mississippi, Northern Division, is the federal district and division that encompasses the First Judicial District of Hinds County, Mississippi. *See* 28 U.S.C. § 104(b)(1).

17.   The Complaint in this action was filed on January 15, 2021.

18.   Veolia has not yet been served with the Complaint in this action. However, under applicable law, this matter may be removed after filing of the complaint but before the service of the complaint. *Bell v. American General Finance, Inc.*, 267 F.Supp.2d 582, 584 (S.D. Miss. 2003) (*Delgado v. Shell Oil*, 231 F. 2d. 177 (5th Cir. 2000), *cert denied*, 532 U.S. 972 (2001)).

19.   This Notice of Removal is timely filed under 28 U.S.C. 1446(b)(1) because fewer than 30 days have passed since Veolia received a copy of the initial pleading.

20.   Veolia is the only Defendant in this action.

21.   Attached as Exhibit A is a true and correct copy of the complaint filed in the state court action. A true and correct copy of the entire state court file is attached as Exhibit B, as required by this Court's Local Rule 5(b). Defendant will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of Hinds County, Mississippi, as required by 28 U.S.C. §1446(d).

### Conclusion

Based on the foregoing, Defendant Veolia respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court for the First Judicial District of Hinds County, Mississippi, be hereby stayed.

Respectfully submitted,

VEOLIA WATER NORTH AMERICA–SOUTH, LLC,

By its attorneys,

*/s/Haley F. Gregory*
Haley F. Gregory (MB # 104532)
Phillip S. Sykes (MB # 10126)

BUTLER SNOW LLP
1020 Highland Colony Pkwy, Ste 1400
P.O. Box 6010
Ridgeland, MS 39158
T: (601) 948-5711
F: (601) 985-4500
E: phillip.sykes@butlersnow.com
　 haley.gregory@butlersnow.com

Rajita Iyer Moss (MB # 10518)
Wells Marble & Hurst, PLLC
Post Office Box 131
Jackson, MS 39205-0131
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157
T: (601) 605-6900
F: (601) 605-6901
E: rmoss@wellsmar.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Haley F. Gregory, do hereby certify that I have this date filed the above and foregoing with the Clerk of Court using the ECF system and served a copy of the foregoing upon the following counsel of record in this case via regular U.S. Mail and electronic mail:

>Thomas J. Bellinder
>BELLINDER LAW FIRM
>Pinnacle at Jackson Place
>190 E. Capitol Street, Suite 460
>Jackson, MS 39201
>Thomas.Bellinder@BellinderLawFirm.com

>*Attorney for Plaintiff*

I further certify that I caused a true and correct copy of the foregoing instrument to be served via U.S. Mail, postage prepaid on the following:

>Honorable Winston L. Kidd
>Circuit Court Judge of Hinds County, Mississippi
>P.O. Box 22711
>Jackson, MS 39225-2711

This the 12th day of February, 2021.

>*/s/ Haley F. Gregory*
>Haley F. Gregory

57460744.v1