IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FISHER CONSTRUCTION, INC.**,

*Plaintiff*,

v.

**VEOLIA WATER NORTH AMERICA-SOUTH, LLC**,

*Defendant*.

CAUSE NO. 3:21-CV-114-CWR-FKB

### ORDER

Before the Court is the defendant's motion for summary judgment. Docket No. 47. On review, the motion will be denied.

Pursuant to a written agreement effective January 28, 2017, municipal contractor Veolia Water North America-South hired subcontractor Fisher Construction to "provide hauling, land application and disposal of all processed bio-solids . . . generated at the City of Jackson's wastewater treatment facilities." Docket No. 1-1 at 2.

The relationship quickly deteriorated. In a December 2017 complaint filed with the City of Jackson's "Equal Business Opportunity Review Committee" (EBORC), Fisher accused Veolia of "operat[ing] in bad faith." Docket No. 47-4 at 1. The EBORC held a hearing "limited to whether Veolia complied with its EBO requirements." *Id.* The EBORC concluded that Veolia had complied with its equal opportunity requirements and closed the matter. *Id.* at 2.

Veolia then filed its own grievance with the EBORC. In it, Veolia sought permission to substitute another subcontractor in Fisher's place. Docket No. 47-5. Fisher did not appear, and the EBORC approved the substitution. *Id.*

This litigation followed.

Fisher commenced this suit in state court in January 2021 asserting breach of contract, fraud, negligence, and other causes of action against Veolia. Docket No. 1-1. Veolia removed the matter here, invoking this Court's diversity jurisdiction. Docket No. 1. This Court denied Fisher's motion to remand. Docket No. 8. The parties subsequently engaged in discovery, which is nearly complete.

In the present motion, Veolia argues that the action must be dismissed because Fisher did not file a bill of exceptions as outlined in Mississippi Code § 11-51-75. The statute provides, in relevant part:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision. . . .

Miss. Code Ann. § 11-51-75.

On its face, it is not obvious why § 11-51-75 would or should apply to this action. This suit is between two companies, not a company and a governing authority.[1] No "county[] or .

---

[1] In its Answer, Veolia never referred to, invoked, or even claimed that the provisions of § 11-51-75 applied. In fact, it admitted that the Agreement in dispute is one between Veolia and Fisher, Docket No. 3 at 3, that jurisdiction and venue are properly with this Court, *id.* at 2, and that through the Agreement, the parties waived their right to a jury trial in case a dispute arose, *id.* at 6.

2

. . governing authority of a municipality" has been named as a defendant or otherwise joined in this action. *Id.* We are far from the usual setup of § 11-51-75 litigation. *See, e.g., City of Madison v. Shanks*, 793 So. 2d 576 (Miss. 2000); *S. Cent. Turf, Inc. v. City of Jackson*, 526 So. 2d 558 (Miss. 1988).[2]

Veolia nevertheless argues that Fisher disagrees with the EBORC's first decision, failed to appeal it within 10 days, and is now unlawfully trying to circumvent the exclusive remedy provided in § 11-51-75. The first EBORC decision, however, was expressly limited to whether Veolia was satisfying its equal opportunity obligations to the City of Jackson. It was not a trial on the merits of the parties' obligations to each other.

The EBORC's second decision further confirms the limited nature of the forum. It notes that the EBORC declined to review exhibits regarding "Breach of Exclusivity" and "Non-Payment of Subcontractor," "as these matters are beyond the scope of the EBORC." Docket No. 47-5 at 1. The second decision then "declined to consider the allegations of noncompliant equipment, because there are remedies available to the parties under the sludge hauling agreement." *Id.* The "LEGAL REMEDIES" section of that agreement contemplated litigation in the First Judicial District of Hinds County, not proceedings in the EBORC. Docket No. 47-3 at 9.

Veolia presses that § 11-51-75 is an exclusive remedy. That is true in many state-law contexts.[3] *See A-1 Pallet Co. v. City of Jackson*, 40 So. 3d 563, 569 (Miss. 2010). It also is true

---

[2] Relatedly, it is not clear that EBORC is a final governing authority within the scope of the statute. *See Shanks*, 793 So. 2d at 580 ("This Court has identified the following as municipal authorities within the meaning of § 11–51–75: the mayor and board of aldermen, city council, or other such form of government."). Veolia argues that EBORC was a mayoral "designee." The parties have not pointed the Court to controlling authorities on this delegation question, though, and the Court declines to rule in the first instance.

[3] Note that § 11-51-75 does not and cannot limit federal suits filed under 42 U.S.C. § 1983. *See Griggs v. Chickasaw Cnty., Mississippi*, 930 F.3d 696, 703 (5th Cir. 2019).

when an aggrieved contractor seeks to challenge a Mayoral veto. *See Warnock & Assocs., LLC v. City of Canton*, 328 So. 3d 1254, 1264 (Miss. Ct. App. 2021). That does not, however, mean that all breach of contract claims related to municipal contracting—or even all breach of contract claims against municipalities—must be channeled through the statute. As the Mississippi Court of Appeals put it in a decision last year, even when relief is sought against a municipality, an aggrieved party has "a right to both challenge the Mayor's veto in an appeal under section 11-51-75 and also file a separate claim for breach of contract and damages." *Id.* (citing *Falco Lime Inc. v. Mayor and Aldermen of City of Vicksburg*, 836 So. 2d 711, 720 (¶¶36-39) (Miss. 2002)).

For these reasons, the Court is unpersuaded that Fisher's causes of action against Veolia are barred by § 11-51-75. The motion is therefore denied.

**SO ORDERED**, this the 18th day of November, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE